**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE LAMBERT LAW FIRM P.C.,** **GEORGE LAMBERT**, <br><br> Plaintiffs, <br><br> v. <br><br> **CARY HANSEL, HANSEL LAW P.C.,** <br><br> Defendants. | Case No. 24-cv-02396 (CRC) |

## MEMORANDUM OPINION

Florida-based lawyer George Lambert defended Nevada businessman Mykalai Kontilai

in a lawsuit brought by the Securities and Exchange Commission in the Southern District of New

York.  Naturally, Lambert would like to be paid for his services.  The trouble is that the main

apparent source of funds for Lambert's fees is an insurance policy from which Lambert's

erstwhile co-counsel in the case has already been paid for *his* fees.  To escape this predicament,

Lambert has sued his former comrade-in-arms, Maryland attorney Cary Hansel, and his law firm.

Lambert accuses Hansel of interfering with his business relationship with their mutual client and

committing fraud by strong-arming Kontilai into authorizing the insurance payment and reducing

the coverage before Lambert could tap into the policy himself.

Defendants move to dismiss on jurisdictional grounds and for failure to state a claim.

They also move to strike certain material in Lambert's filings as impertinent and scandalous.

While the Court harbors doubts about Lambert's standing to bring these rather inventive claims,

the suit faces a more immediate jurisdictional impediment: the Court lacks personal jurisdiction

over Hansel and his firm.  The Court will therefore grant Defendants' motion to dismiss for that

reason.  It will withhold judgment on the motion to strike pending resolution of Hansel's separate

motion for Rule 11 sanctions against Lambert, which is still being briefed.

## I.    Background

The Court draws the following facts from the complaint and assumes them to be true.

See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1254 (D.C. Cir. 2005).  Defendants no

doubt contest many of the allegations.

Plaintiffs are attorney George Lambert and his law firm (collectively, "Lambert").

Lambert represents Mykalai Kontilai in several civil and criminal proceedings against Kontilai

arising from his now-defunct business.  Compl. ¶¶ 6–9.  Most relevant to this case, Lambert has

represented Kontilai since 2020 in an enforcement action brought by the Securities and

Exchange Commission in the United States District Court for the Southern District of New York.

Id. ¶¶ 6–7; see SEC v. Collector's Coffee Inc., No. 19-cv-4355-VM-GMG (S.D.N.Y. filed May

14, 2019).  Lambert's fees are covered by a directors and officers liability insurance policy

maintained by Kontilai.  Compl. ¶ 1.

Defendants are attorney Cary Hansel and his law firm (collectively, "Hansel").  Hansel

lives in Baltimore, Maryland, and his law firm is a Maryland professional corporation based in

Baltimore.  Compl. ¶¶ 3–4.  In 2021, Kontilai retained Hansel to represent him in the SEC

action, alongside Lambert.  Id. ¶ 15.

In 2024, as Kontilai's legal expenses mounted, Lambert negotiated a flat-fee arrangement

with him.  Compl. ¶¶ 53–54.  According to Lambert, Hansel learned of this arrangement and

sought to sabotage it by seeking payment of about $1 million for his own legal fees to be paid

from the remaining $2 million of insurance left in the D&O policy.  Id. ¶¶ 55–56, 80.  Kontilai,

the insurer, and Hansel then exchanged correspondence in which Hansel allegedly suggested that

he would seek an order freezing the remaining insurance proceeds until his fees were paid.  Id.

¶¶ 57–80.  Kontilai, after consulting with independent insurance counsel, eventually agreed to

pay Hansel $500,000 from the insurance policy, leaving about $1.5 million of coverage

remaining.  Id. ¶ 87.

Lambert then filed this suit, alleging that by obtaining payment from the policy, Hansel

defrauded Lambert and interfered with his business relationship with Kontilai.  Compl. ¶¶ 115–

41.  Hansel moved to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and

failure to state a claim.  He also moved to strike certain paragraphs from Lambert's complaint

which he characterizes as "an attempt to harass and demean" Hansel, Hansel's firm, and other

individuals associated with the firm.  First Hansel Mot. at 9.  Lambert opposed the motions and

filed a personal declaration in support of his opposition, which Hansel moved to strike as

"immaterial, impertinent, or scandalous[.]"  Second Hansel Mot. at 1.  Hansel subsequently

moved for Rule 11 sanctions against Lambert, arguing that the complaint is meritless and rife

with knowingly false factual allegations.  Hansel Rule 11 Mot. at 1.

## II.    Legal Standards

"The plaintiff bears the burden of establishing a factual basis for the exercise of personal

jurisdiction over the defendant."  Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir.

1990).  Specifically, the plaintiff must establish facts that prove that the defendant is covered by

District of Columbia's long-arm statute and that subjecting the defendant to suit in this district

"would 'not offend traditional notions of fair play and substantial justice.'"  Id. at 455–56

(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

### III.  Analysis

The Court will dismiss this case because Lambert has not established that the Court has personal jurisdiction over either defendant.  The Court will reserve judgment on the motions to strike pending resolution of Hansel's Rule 11 sanctions motion, which is not yet ripe.

#### A.  Personal Jurisdiction

As the plaintiff, Lambert must demonstrate that the Court has personal jurisdiction under D.C. law and that exercising such jurisdiction would not violate the Due Process Clause.  See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Lambert has not made either showing.[1]

##### 1.  Statutory Jurisdiction

Lambert asserts three statutory bases for jurisdiction: D.C. Code §§ 13-422, 13-423(a)(3), and 13-423(a)(4).  But he has not established that any apply here.

---

[1] Hansel also raises other grounds for dismissal, including lack of subject matter jurisdiction and improper venue.  Because the Court has "leeway to choose among threshold grounds," it does not resolve those arguments.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quotation marks omitted).  Still, the Court has doubts about Lambert's standing to bring this suit.  Lambert's claimed injury-in-fact appears to be that he was deprived of an insurance payout for his legal fees.  But as best as the Court can tell, Lambert offers only conclusory allegations in support of his claimed injury, which are not enough to establish standing.  Air Excursions LLC v. Yellen, 66 F.4th 272, 277–78 (D.C. Cir. 2023).  He does not allege, for instance, how much he has charged Kontilai, how much the supposed flat fee they agreed to was, or the basis for either figure.  In fact, the complaint repeatedly describes Lambert's fee arrangement with Kontilai as "tentative" or "in the works." See Compl. ¶¶ 55, 75, 84, 108, 110, 119.  The complaint also does not allege that Lambert has completed his work on behalf of Kontilai such that payment is now due, suggesting that any injury is speculative rather than concrete and imminent.  Nor is it clear that any injury is traceable to Hansel.  Kontilai was advised by independent insurance counsel when agreeing to settle with Hansel, and Hansel's alleged actions were directly aimed at Kontilai and the insurer, not Lambert himself.  See id. ¶ 110 ("By making threats . . . Hansel indirectly attacked Lambert[.]").

To begin, Section 13-422 permits courts to "exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia[.]"  D.C. Code § 13-422.  The complaint does not allege that Hansel is domiciled in D.C.  Compl. ¶ 3 (indicating Hansel's Maryland office address but no home address); Bigelow v. Garrett, 299 F. Supp. 3d 34, 43 (D.D.C. 2018) (holding that a person who does not live in D.C. is not domiciled in D.C.).  Nor does it allege that Hansel's principal place of business is in D.C.  See Compl. ¶ 3 (alleging that Hansel's office is in Baltimore); Gomez v. Aragon, 705 F. Supp. 2d 21, 24 (D.D.C. 2010) (finding no personal jurisdiction under Section 13-422 where there was "no allegation in the complaint that the District of Columbia is the principal place of business of any of the defendants").

As for Hansel's firm, the complaint tells us it is a Maryland corporation with its office in Baltimore, Maryland.  Compl. ¶ 4.  The firm therefore is not organized under D.C. law and does not have its principal place of business here.  Bigelow, 299 F. Supp. 3d at 40, 42 (holding a corporation's principal place of business under Section 13-422 was Virginia because it had offices in Virginia but not in D.C.); cf. Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (A corporation's principal place of business "will typically be found at a corporation's headquarters.").[2]

Next, Section 13-423(a)(3) does not apply either.  That section requires that "both act and injury occur in the District of Columbia" for a court to have personal jurisdiction over a defendant.  Helmer v. Doletskaya, 393 F.3d 201, 208 (D.C. Cir. 2004).  The complaint, however, does not allege that any of Hansel's allegedly tortious acts occurred in D.C.  For example, the

---

[2] The complaint does allege that Hansel's "office address in the District of Columbia is unknown[.]"  Compl. ¶ 3.  But, if Hansel does maintain an office in D.C., it is Lambert's burden to allege facts to support that assertion.  He does not do so.

complaint accuses Hansel at length of deficient performance in a New York courtroom. See, e.g., Compl. ¶¶ 12, 35, 45. It also claims that Hansel placed calls from Maryland to Kontilai (who was incarcerated in Nevada at the time) in an effort to extort Kontilai. Id. ¶ 93. Even assuming that all these allegations are true and relevant to Lambert's claims, none of the events they describe took place in D.C. As a result, Section 13-423(a)(3) does not confer personal jurisdiction over Hansel or his firm.

Finally, Section 13-423(a)(4) does not apply because Lambert's alleged injury did not occur in D.C. That section provides that a court may exercise personal jurisdiction over a person who "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia" when certain conditions are met. D.C. Code § 13-423(a)(4). As the D.C. Circuit has held, when the plaintiff is not domiciled in D.C., an economic injury such as fraud occurs where "the original events that caused the alleged injury" occurred, not where the injury is later felt by the plaintiff. Helmer, 393 F.3d at 208–09. Here, Lambert is alleging quintessential economic injuries. He claims that Hansel deprived him of insurance payments by intentionally interfering with his business relationship with Kontilai and committing fraud. Compl. ¶¶ 115–41. But again, none of Hansel's purported actions—which are the "original events" that caused Lambert's alleged injuries—occurred in D.C. Lambert therefore has not alleged a "tortious injury in the District of Columbia" necessary to confer jurisdiction under Section 13-423(a)(4).

To be sure, Lambert claims that he has an office in D.C. and that the insurance payout he was deprived of would have been sent to that address but for Hansel's actions. Lambert Decl. ¶¶ 4, 9. But those allegations at most demonstrate that Lambert felt the injury in D.C., not that the injury occurred here.

In <u>Crane v. N.Y. Zoological Society</u>, 894 F.2d 454 (D.C. Cir. 1990), the D.C. Circuit held

that the plaintiff had adequately asserted an injury suffered in D.C. by alleging that he did

business in D.C. and that he lost business because of the defendant's actions.  <u>Id.</u> at 458.

Similarly, in <u>Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.</u>, 647 F.2d

200 (D.C. Cir. 1981), the Circuit held that the plaintiff had been injured in D.C. because the

defendant's actions had deprived it of sales it would have made to customers in D.C.  <u>Id.</u> at 206.

By contrast, a court does not have personal jurisdiction simply because some economic

consequences might be felt in D.C.  In <u>Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.</u>,

638 F. Supp. 2d 1 (D.D.C. 2009), the plaintiff attempted to establish personal jurisdiction under

the D.C. long-arm statute by claiming that it lost revenue that "would have flowed to" its

accounts with banks that have branches in D.C.  <u>Id.</u> at 11; Opp'n Mot. Dismiss at 1, <u>Exponential</u>

<u>Biotherapies</u>, No. 08-cv-1636-ESH (D.D.C.), ECF 12.  The court found that allegation "a far cry

from losing revenue derived from D.C. customers" and dismissed for lack of personal

jurisdiction.  <u>Exponential Biotherapies</u>, 638 F. Supp. 2d at 11.

Lambert's complaint is much like that in <u>Exponential Biotherapies</u>.  It alleges that

insurance payouts were not received in D.C.  It does not allege that Lambert lost business in

D.C., like the plaintiffs in <u>Crane</u> and <u>Kaiser Stuhl Wine</u> did.  Nor does it even allege that

Lambert performed any work on behalf of Kontilai from D.C.  Instead, Lambert, like the plaintiff

in <u>Exponential Biotherapies</u>, is alleging that money that otherwise would have flowed into D.C.

was halted by Hansel's actions.  That connection to D.C., when none of the original events

underlying this case occurred here and the plaintiffs are a Florida resident and a Florida

corporation, is too tenuous to support personal jurisdiction in this forum.  <u>See</u> <u>Exponential</u>

<u>Biotherapies</u>, 638 F. Supp. 2d at 11.

2. *Due Process*

Even if D.C. law conferred personal jurisdiction over Hansel, exercising it in this case would violate Due Process.  There are two types of personal jurisdiction under the Due Process Clause: general and specific.  Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 582 U.S. 255, 262 (2017).  The Court lacks both.

Begin with general jurisdiction.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," such as its "place of incorporation and principal place of business[.]"  Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).  A court with general jurisdiction may hear any claim against that defendant.  Id.

Here, the Court lacks general jurisdiction over Hansel because he is a Maryland resident and is therefore domiciled there.  Compl. ¶ 3.

The Court also lacks general jurisdiction over Hansel's law firm.  The firm is incorporated in Maryland and its principal place of business is in Maryland because its only alleged office is in Baltimore.  Compl. ¶ 4; see Hertz Corp., 559 U.S. at 81 (The principal place of business "will typically be found at a corporation's headquarters.").

Lambert's counterarguments miss the mark.  He repeatedly emphasizes that Hansel is licensed to practice law in D.C. and appears in D.C. courts.  See Opp'n at 9–12.  Neither fact establishes general jurisdiction.  Hansel's domicile turns on his residence, not his licensure.  See Mitchell v. United States, 88 U.S. 350, 352 (1874).

Nor is Hansel's firm at home in this forum based on his practice or licensure.  The Supreme Court has cautioned that only "in an exceptional case" might a corporation be at home in a forum "other than its formal place of incorporation or principal place of business[.]"

Daimler, 571 U.S. at 139 n.19.  This case is not exceptional.  Law firms routinely practice across

multiple jurisdictions.  That does not make them at home in each one.  See Exponential

Biotherapies, 638 F. Supp. 2d at 12 (holding that a Netherlands law firm's visits to D.C. while

representing clients were not enough to meet the "steep requirement" for general jurisdiction).

Next, specific jurisdiction.  This more limited form of personal jurisdiction permits a

court to hear a case where the case "arises out of or relates to the defendant's contacts with the

forum."  Daimler, 571 U.S. at 127 (cleaned up).  That is, a court may exercise specific

jurisdiction over a defendant only if there is "an affiliation between the forum and the underlying

controversy, principally, an activity or an occurrence that takes place in the forum State[.]"

Bristol-Myers, 582 U.S. at 264 (cleaned up).

No such affiliation exists here.  While Hansel may have contacts with D.C. because he

practices before D.C. courts, Lambert has not demonstrated that his work representing Kontilai is

related in any way to those contacts.  Lambert has not shown that the New York-based SEC

action against Kontilai arises out of any of the cases that Hansel has pending before D.C. courts.

And again, none of Hansel's alleged misconduct occurred in D.C.

Lambert also emphasizes that he and his firm have multiple contacts with this forum.  For

example, he points out that he maintains one of his offices in D.C., his bank has branches in

D.C., his email address is "LawDC10@gmail.com," and previous payouts from Kontilai's

insurance carrier were sent to his D.C. office.  Opp'n at 6.  Based on those facts, Lambert

appears to argue that the Court has personal jurisdiction because Lambert was harmed in this

forum.

Not so.  Personal jurisdiction may exist where (1) the defendant intentionally aims its

conduct at a forum and (2) the plaintiff suffers an injury in that forum.  For example, in Calder v.

Jones, 465 U.S. 783 (1984), the defendants, who were Florida residents, wrote a defamatory

article about the plaintiff, who lived in California. Id. at 784. The Supreme Court held that

personal jurisdiction existed in California because the defendants had engaged in "intentional,

and allegedly tortious, actions [that] were expressly aimed at California." Id. at 789. Here,

however, the complaint does not allege that Hansel expressly aimed any conduct against

Lambert. Instead, all the actions described in the complaint were directed at Kontilai or his

insurance carrier, not Lambert. See, e.g., Compl. ¶ 72 ("Hansel threatened Kontilai[.]"); id. ¶ 76

("Hansel wrote on his letterhead to the insurance carrier's attorney in New York[.]"); id. ¶ 88

("Hansel called Kontilai[.]"). And even if Hansel knew that Lambert has a presence in D.C., the

complaint does not plausibly allege that Hansel intended to harm Lambert or his firm in D.C.

rather than Florida, where Lambert lives and his firm is incorporated. Compl. caption, ¶ 4.

Whatever harm Lambert may have suffered from Hansel's actions, none of those actions is

anything like the conduct the defendant directed towards the forum in Calder.

　　　The allegations in this case also do not meet Calder's test because, as discussed above,

the complaint does not adequately allege an injury that occurred here. Courts have recognized

that an economic injury may be suffered by a plaintiff either where the events that caused the

injury occurred or where the plaintiff resides. See Dole Food Co. v. Watts, 303 F.3d 1104, 1113

(9th Cir. 2002) ("Our precedents recognize that in appropriate circumstances a corporation can

suffer economic harm both where the bad acts occurred and where the corporation has its

principal place of business."). Again, Hansel's alleged misconduct all occurred outside D.C.

And Lambert resides in Florida, while his firm is incorporated and has its primary office in

Florida.  Compl. caption, ¶¶ 1–2.[3]

* * *

To sum up, the Court lacks personal jurisdiction because over Hansel and his firm no

D.C. law confers it and the Due Process Clause prohibits the Court from exercising it.  The Court

must therefore dismiss the case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)

(Without personal jurisdiction, a court "is powerless to proceed to an adjudication." (quotation

marks omitted)).  While Hansel asks that the Court dismiss with prejudice, a jurisdictional

dismissal is not a judgment on the merits and ordinarily is without prejudice.  See Givens v.

Bowser, 111 F.4th 117, 122–23 (D.C. Cir. 2024).  Hansel has not offered any reason to depart

from that general rule, so the Court will dismiss without prejudice.

B.  Motion to Strike

Finally, the Court will reserve judgment on Hansel's motion to strike.  The Court will

resolve that motion alongside the pending Rule 11 motion, which is not yet fully briefed.  See

Willy v. Coastal Corp., 503 U.S. 131, 139 (1992) (holding that a district court may impose Rule

---

[3] Lambert filed a declaration in which he claims that he considers his Washington, D.C. office his "main office."  Lambert Decl. ¶ 4.  That assertion directly contradicts Lambert's complaint, which in the caption lists a Florida address for Lambert's firm and goes on to allege that Lambert's "main office address" is in Florida.  Compl. caption, ¶ 2.  The Court will disregard Lambert's declaration to the extent it conflicts with the complaint, as Lambert filed it only after Hansel argued that the Court lacked personal jurisdiction.  See Breeze v. Kabila Inc., 575 F. Supp. 3d 141, 155 (D.D.C. 2021) (In determining its jurisdiction, "the Court will also consider [the plaintiff's] declaration to the extent it does not contradict the allegations of the complaint."); cf. Altarum Inst. v. Maloney, No. 22-cv-2574 (CRC), 2023 WL 7277167 at *1–2 (D.D.C. July 24, 2023) (denying a motion to amend answer with unexplained contradictions in order to avoid judgment on the pleadings); Hourani v. Mirtchev, 943 F. Supp. 2d 159, 171 (D.D.C. 2013) ("A plaintiff, however, may not plead facts in their amended complaint that contradict those in their original complaint.").  In any event, even if the Court were to credit Lambert's contradictory declaration, Lambert would still fail the first part of Calder's test.

11 sanctions even when it lacks jurisdiction over the underlying case); In re Orthopedic "Bone

Screw" Prods. Liab. Litig., 132 F.3d 152, 156–57 (3d Cir. 1997) (same).

## IV. Conclusion

For these reasons, the Court dismisses this case for lack of jurisdiction and reserves

judgment on Hansel's motions to strike.  A separate Order follows.

CHRISTOPHER R. COOPER
United States District Judge

Date: December 5, 2024

12